UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS J. SOLOMON,
                  Plaintiff,

v.

CHARLES VEST,
*et al.*,
                  Defendants.

Civil Action
No. 04-12499WGY

## MOTION OF THE DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY FOR LEAVE TO FILE SUBSTITUTE STATEMENT PURSUANT TO LR 7.1(A)(2)

The defendant Massachusetts Institute of Technology (MIT) moves for leave to file a Substitute Statement Pursuant to LR 7.1(A)(2) in the form annexed to this motion, and states as reasons therefor the following:

1. On January 31, 2005, undersigned counsel for MIT received a voicemail message from the defendant, who is appearing pro se in this action, asking undersigned counsel to call the plaintiff. On February 1, 2005, undersigned counsel returned the plaintiff's call, and planned to confer with the plaintiff about resolving or narrowing the issues raised by the Motion to Dismiss the plaintiff's complaint that MIT planned to file. The plaintiff did not answer the telephone, and undersigned counsel left a message on the plaintiff's telephone answering machine asking him to return the call. The defendant did not call undersigned counsel in response to that message.

2. On February 15, 2005, the day that the Motion to Dismiss was to be filed, undersigned counsel for MIT again called the plaintiff to confer about resolving or narrowing the issues raised by MIT's Motion to Dismiss. The plaintiff did not answer the

telephone, and undersigned counsel left another message on the plaintiff's telephone answering machine asking him to return the call.

3. Undersigned counsel then prepared and signed a Statement Pursuant to LR 7.1(A)(2) to report that he had left two messages on the plaintiff's answering machine, neither of which had been returned.

4. Later in the day of February 15, 2005, the plaintiff did call undersigned counsel, and undersigned counsel asked whether the plaintiff would consider resolving or narrowing the issues raised by the Motion to Dismiss that MIT was filing that day. While undersigned counsel does not agree with the plaintiff's description of that conversation as reported in the plaintiff's "Motion to Strike & Removal [sic] Mr. Swope," undersigned counsel did conclude that the parties were unable to resolve or narrow the issues raised by MIT's Motion to Dismiss.

5. Undersigned counsel then prepared a new Statement Pursuant to LR 7.1(A)(2) in the form annexed to this motion.

6. When the papers were assembled for filing MIT's Motion to Dismiss with the Court, the first version of the Statement Pursuant to LR 7.1(A)(2), rather than the later version, was inadvertently included, and was therefore erroneously filed with the Court and served on the plaintiff.

7. Because the plaintiff did not serve his Motion to Strike & Removal Mr. Swope upon undersigned counsel, and did not seek to confer with undersigned counsel pursuant to LR 7.1(A)(2) before filing that motion with this Court, undersigned counsel was not aware of the error in the filing of the superseded version of the Statement

Pursuant to LR 7.1(A)(2) until he received notice from the Court of the filing of the plaintiff's Motion to Strike & Removal Mr. Swope yesterday.

8. Undersigned counsel regrets that the superseded version of the Statement Pursuant to LR 7.1(A)(2) was inadvertently filed with the Court and served on the plaintiff, and apologizes to the Court and the plaintiff for that mistake.

/s/ Jeffrey Swope
Jeffrey Swope (BBO No. 490760)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 239-0100

February 25, 2005

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the plaintiff by mail by causing it to be deposited with the United States Postal Service on February 25, 2005.

/s/ Jeffrey Swope

- 3 -