UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Dennis J. Solomon, | ) | Civil Action No. 04-12499 WGY |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT USC'S MOTION TO |
| | ) | DISMISS FOR LACK OF PERSONAL |
| Charles Vest | ) | JURISDICTION UNDER FRCP 12(b)(2) |
| *et al.*, | ) | INCLUDING SUPPORTING |
| Defendants. | ) | MEMORANDUM OF REASONS |
| | ) | |

DATED:  March 8, 2005

Andrew C. Oatway BBO# 561885
Amanda P. O'Reilly BBO# 641378
MORISI & OATWAY, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA  02184
Voice   617.479.0400
Fax     617.479.6885

*and*

Joel A. Feuer* CABN 100663
Sarah R. Wetzstein* CABN 216840
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500
(310) 551-8741 (fax)
(*pro hac vice applications pending)

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL BACKGROUND.................................................................................... 1

    A.    A Brief Description of Plaintiff's Complaint ........................................................ 1

    B.    USC's Lack of Contacts with Massachusetts ........................................................ 3

III. PLAINTIFF'S COMPLAINT AGAINST USC MUST BE DISMISSED FOR LACK OF
      PERSONAL JURISDICTION ............................................................................ 4

    A.    Plaintiff Has Failed to Allege Any Basis for Jurisdiction Under the Massachusetts
        Long-Arm Statute .......................................................................................... 5

    B.    Constitutional Due Process Analysis Confirms that USC is Not Subject to
        Jurisdiction in Massachusetts....................................................................... 8

        1.    An Assertion of General Jurisdiction Over USC in Massachusetts Violates
            Due Process............................................................................................... 8

        2.    An Assertion of Specific Jurisdiction Over USC in Massachusetts Violates
            Due Process............................................................................................. 12

IV. CONCLUSION..................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American International Rent-A-Car Corp. v. Cross,*
709 F. Supp. 272 (D. Mass. 1989) ................................................................. 4, 5

*Cambridge Literary Props. v. W. Goebel Porzellanfabrik,*
295 F.3d 59 (1st Cir., 2002) ................................................................. 5, 8, 12, 13

*Christopher v. Mount Snow, Ltd.,*
1996 U.S. Lexis 14948 (D. Mass. Sept. 24, 1996) ....................................... 9

*Educadores Puertorriquenos en Accion v. Hernandez,*
367 F.3d 61 (1st Cir. 2004) ................................................................. 2

*Fleming v. Liond-Waldock & Co.,*
922 F.2d 20 (1st Cir. 1990) ................................................................. 2

*Gallant v. Trustees of Columbia University,*
111 F. Supp. 2d 638 (E.D. Pa. 2000) ................................................... 9, 11

*Gehling v. St. George's School of Medicine, Ltd.,*
773 F. 2d 539 (3d Cir. 1985) ................................................. 9, 10, 11, 12

*Gray v. O'Brian,*
777 F.2d 864 (1st Cir. 1985) ................................................................. 5

*Hardnett v. Duquesne Univ.,*
897F. Supp. 920 (D. Md. 1995) ................................................................. 10, 11

*Heins v. Wilhelm Loh Wetzlar Optical Machinery GMBH & Co.,*
26 Mass. App. Ct. 14 (1988) ................................................................. 8

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
466 U.S. 408 (1984) ................................................................. 8

*Lyle Richards Int'l v. Ashworth, Inc.,*
132 F.3d 111 (1st Cir. 1997) ................................................................. 4

*Massachusetts School of Law at Andover, Inc. v. American Bar Association,*
142 F.3d 26 (1st Cir. 1998) ................................................................. 13

*Mooney v. Clerk of Courts,*
831 F. Supp. 7 (D.N.H, 1993) ................................................................. 2

*Morrill v. Tong,*
390 Mass. 120 (1983) ................................................................. 5

*Noonan v. Winston Co.,*
135 F.3d 85 (1st Cir. 1998) ................................................................. 8

*Norris v. Oklahoma City University,*
1993 U.S. Dist. Court LEXIS 11349 (N.D. Cal. Aug. 3,1993) ......................... 11

*Park v. Oxford University,*
35 F. Supp. 2d 1165 (N.D. Cal. 1997) ........................................................ 11

*Ross v. Creighton University,*
740 F. Supp. 1319 (N.D. Ill. 1990) ................................................... 10, 11

*Sawtelle v. Farrell,*
70 F.3d 1389 (1st Cir. 1995) ................................................................. 13

**TABLE OF AUTHORITIES**
**[Continued]**

Page(s)

*Scherer v. Univ. Missouri Law School*,
  152 F. Supp. 2d 1278 (D. Kan. 2001) ................................................................. 10, 11
*Severinsen v. Widener Univ.*,
  338 N.J. Super. 42 (2001) .................................................................................... 10
*Shipley Co. v. Clark*,
  728 F. Supp. 818 (1st Cir. 1990) ......................................................................... 8
*U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*,
  894 F.2d 9 (1st Cir. 1990) .................................................................................... 5
*United States v. Swiss Am. Bank, Ltd.*,
  274 F.3d 610 (1st Cir. 1999) ....................................................................... 8, 12, 13
*Whistler Corp. v. Solar Electronics, Inc.*,
  684 F. Supp. 1126 (D. Mass. 1988) .................................................................... 7
*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ............................................................................................ 9

**Statutes**
Mass. Gen. Laws ch. 223A, § 3 ........................................................................... 5
Mass. Gen. Laws ch. 223A, § 3(d) ................................................................... 5, 6

# I.
# INTRODUCTION

Plaintiff Dennis J. Solomon ("Solomon" or "Plaintiff") has named the University of Southern California ("USC") as one of 44 defendants allegedly engaged in a complex conspiracy against Plaintiff. USC is not liable to Plaintiff on any theory. However, this Court should not adjudicate Plaintiff's purported claims against USC because it does not have personal jurisdiction over USC.

Asserting personal jurisdiction over USC in Massachusetts violates Massachusetts' long-arm statute as well as constitutional due process analysis, and does not comport with established principles of fair play and substantial justice. USC was organized under the laws of, and is located in, the State of California. USC's contacts with the Commonwealth of Massachusetts are minimal, not relevant to the action in this court, and not of the type that could subject it to jurisdiction under the long-arm statute and under the requirements of the United States Constitution. USC does not have the continuous and systematic contacts with the Commonwealth of Massachusetts that could support an assertion of general jurisdiction. USC does not have the specific contacts related to Plaintiffs' purported claims against USC that could support a finding of specific jurisdiction. Accordingly, USC's Motion to Dismiss for lack of personal jurisdiction should be granted.

# II.
# FACTUAL BACKGROUND

## A.    A Brief Description of Plaintiff's Complaint

Plaintiff's complaint asserts counts against 44 defendants for Declaration of Patent Noninfringement, Declaration of Patent Invalidity and Unenforceability, Abuse of Process, Interference with Present and Prospective Commercial Relations, Scheme to Obtain Trade

Secrets, Fraud, Conspiracy, Breach of Contract, Bribery, Commercial Disparagement, RICO violations and Lantham Act violations.

Defendant USC is identified by name only in Count VI (p. 13). In that Count, Plaintiff alleges that USC opposed Plaintiff's trademark application as part of a scheme to obtain Plaintiff's trade secrets and to interfere with Plaintiff's business. *See* Complaint, ¶¶ 125-135. **Plaintiff's trademark application and USC's opposition to Plaintiff's trademark application, which form the basis of Plaintiff's allegations against USC, were filed with the United States Patent and Trademark Office, located in Arlington, Virginia.** *See* Declaration of Sarah Wetzstein ("Wetzstein Decl."), ¶ 2. The alleged wrongful acts did not occur in Massachusetts.

It is unclear whether Plaintiff intended to name USC as a defendant in Count II (p. 10) ("et al"), Count V (p. 11) ("Et Al"), Count V (p. 12) ("Et Al"), Count VIX (p.16) ("All Defendants"), Count VII (p. 16) ("All Defendants"), and Count VII (p. 17) ("All Defendants").[1]

Plaintiff alleges that "[p]ersonal jurisdiction exists in Massachusetts over MIT, Raytheon, TI, Teledyne, Actuality Systems, Vest, Picard, Favalora, Altman and *other defendants* by virtue of residence in or substantial commercial contact with this District." *See* Complaint, ¶ 41

---

[1] In the event that USC's Motion to Dismiss for lack of personal jurisdiction is not granted, USC alternatively moves this court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss USC with prejudice from Count II (p. 10), Count V (p. 11), Count V (p. 12), Count VIX (p.16), Count VII (p. 16), and Count VII (p. 17) on the ground that those counts lack factual allegations relating to USC. *See Fleming v. Liond-Waldock & Co.,* 922 F.2d 20, 23-24 (1st Cir. 1990) (general claims in pleadings must be supported by specific factual allegations); *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004); *Mooney v. Clerk of Courts,* 831 F. Supp. 7, 10 (D.N.H, 1993) (a claim cannot stand where no specific facts have been asserted against a particular defendant).

(emphasis added).  The complaint does not contain any additional allegations setting forth a basis for personal jurisdiction over USC.

**B.    USC's Lack of Contacts with Massachusetts**

Plaintiff's allegation that USC, one of the "other defendants" in paragraph 41 of the complaint, is subject to personal jurisdiction in Massachusetts "by virtue of residence in or substantial commercial contact with this District" is false.  *See* Complaint, ¶ 41.  USC is not a resident in Massachusetts nor does it have substantial commercial contact with Massachusetts. *See* Declaration of Dennis Dougherty ("Dougherty Decl.").  Rather, USC, a private university, is a Non-Profit Public Benefit Corporation organized under the laws of the State of California.  Dougherty Decl., ¶ 2.  USC is located in the State of California.  Its two campuses, the University Park Campus and the Health Sciences Campus, are each located in Los Angeles, California.  *Id.* at ¶ 3.  USC also has programs and centers located in Irvine, California; Sacramento, California; Arlington, Virginia and Washington, D.C.  *Id.*  USC does not have a campus, program or center located in the Commonwealth of Massachusetts  *Id.*

USC is not required to maintain, and does not currently maintain a registered agent for service of process in the Commonwealth of Massachusetts.  *Id.* at ¶ 5.  USC is not currently qualified to do business in the Commonwealth of Massachusetts.  *Id.*

USC has no offices in Massachusetts, does not own or lease any real property in Massachusetts, and is not listed in any Massachusetts telephone directory.  *Id.* at ¶ 6. Indeed, USC has no physical presence in the Commonwealth of Massachusetts of any kind. *Id.*  USC does not have bank accounts or other assets within the Commonwealth of Massachusetts.  *Id.* at ¶ 7.

USC does engage in a limited amount of recruiting in Massachusetts. *Id.* at ¶ 8. USC sent four academic counselors to Massachusetts for less than a week last fall. *Id.* They visited a number of high schools to meet with guidance counselors, and two of them spent three days interviewing prospective applicants. *Id.* During this time, one of the academic counselors also attended college fairs at eight high schools in Massachusetts. *Id.* This spring, one counselor will travel to Boston for two college fairs in April. *Id.*

USC does not have any student exchange programs with any colleges or universities located in Massachusetts, nor does it have any visiting professor exchange programs with colleges or universities located in Massachusetts. *Id.* at ¶ 9.

USC was not served with process in this case in the Commonwealth of Massachusetts. Rather, a copy of the compliant was sent via United States Priority Mail to the President of USC at USC's Los Angeles campus. *Id.* at ¶ 4. As mentioned above, the trademark application and opposition thereto which form the basis of Plaintiff's allegations against USC were filed with the United States Patent and Trademark Office, located in Arlington, Virginia. *See* Wetzstein Decl., ¶ 2.

## III.
## PLAINTIFF'S COMPLAINT AGAINST USC MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

The exercise of personal jurisdiction over a non-resident defendant such as USC is permissible only when authorized by both the long-arm statute of the forum state and the Due Process Clause of the United States Constitution. *Lyle Richards Int'l v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997); *American International Rent-A-Car Corp. v. Cross*, 709 F. Supp. 272, 272 (D. Mass. 1989). The Massachusetts long-arm statute imposes "a set of constraints on the assertion of *in personam* jurisdiction in addition to the restraints imposed by the Constitution."

*Gray v. O'Brian*, 777 F.2d 864, 866 (1st Cir. 1985). Thus, while Massachusetts' long-arm statute has been interpreted by Massachusetts courts as extending jurisdiction as far as permitted by the Constitution (*Cambridge Literary Props. v. W. Goebel Porzellanfabrik*, 295 F.3d 59 (1st Cir. 2002)), "the constitutional due process analysis is only reached "when some basis for jurisdiction enumerated in the statute has been established." *Id.*; *Morrill v. Tong*, 390 Mass. 120 (1983).

When personal jurisdiction over a defendant is challenged, the plaintiff has the burden of proving the court's jurisdiction. *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990); *American International Rent-A-Car Corp. v. Cross*, 709 F. Supp. 272, 275 (D. Mass., 1989). To meet that burden, plaintiff must first establish facts sufficient to support *in personam* jurisdiction under Massachusetts General Laws, chapter 223A, section 3, and then must establish that defendant has minimum contacts with Massachusetts sufficient to satisfy due process analysis. *Gray v. O'Brian*, 777 F.2d at 867; *Morrill v. Tong*, 390 Mass. at 129. Plaintiff has not alleged any facts that support a valid exercise of personal jurisdiction over USC under the Massachusetts long-arm statute, nor has he alleged any facts showing that USC has minimum contacts with Massachusetts sufficient to satisfy due process.

A.    **Plaintiff Has Failed to Allege Any Basis for Jurisdiction Under the Massachusetts Long-Arm Statute**

The Massachusetts long-arm statute permits a court to exercise personal jurisdiction over a non-resident corporation as to a cause of action arising from that corporation's:

> (a) transacting any business in this commonwealth; (b) contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth; (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; (e) having an interest in, using or possessing real property in this

commonwealth; (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting . . .

Mass. Gen. Laws ch. 223A, § 3.

There are absolutely no factual allegations in Plaintiff's complaint indicating that a court in Massachusetts could possibly have jurisdiction over USC under the long-arm statute. Plaintiff's general allegation that all 44 defendants reside or have commercial contact with Massachusetts is insufficient. *See* Complaint, ¶ 41. Plaintiff has not alleged (and cannot allege) with any specificity that USC transacted business in Massachusetts, contracted in Massachusetts, caused tortious injury by and act or omission in Massachusetts, derives revenue from Massachusetts, has an interest in property in Massachusetts, or contracts to insure people or things in Massachusetts.

Rather, all of Plaintiff's allegations against USC relate to USC's opposition to Plaintiff's trademark application. *See* Complaint, ¶¶ 12, 124-135. **Plaintiff's "U.S. trademark application for the stylized word 'HoloDeck'" was filed in the United States Patent and Trademark Office, located in Arlington, Virginia, as was USC's opposition to the application.** Wetzstein Decl. ¶ 2.

Any argument that subsection (d) of the long-arm statute applies because USC's opposition to Plaintiff's application, filed in Virginia, caused tortious injury to Plaintiff in Massachusetts fails because subsection (d) only applies when the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in Massachusetts. *See* Mass. Gen. Laws ch. 223A, § 3(d).

6

This District examined the application of the long-arm statute under very similar circumstances in *Whistler Corp. v. Solar Electronics, Inc.*, 684 F. Supp. 1126, 1131 (D. Mass. 1988). In that case, plaintiff, a Massachusetts company, argued that personal jurisdiction over defendant in Massachusetts was proper based on the fact that defendant, a Colorado company, had filed a patent infringement suit against Plaintiff in Illinois. *Id.* at 1130. The court found that there could be no personal jurisdiction under section 3(a) of the long-arm statute because defendant did not conduct business, own property, maintain a facility, maintain a telephone number, maintain a bank account, employ persons or offer products for sale in Massachusetts. *Id.* The court also found section 3(d) inapplicable, explaining that even if defendant's Illinois lawsuit against plaintiff was found to be an abuse of process or otherwise wrongful, there was nothing in the record to indicate that defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in Massachusetts. *Id.* at 1131. Thus, the requirements of section 3(d) were not met, and the court granted defendant's motion to dismiss. *Id.*

Here, as in *Whistler Corp. v. Solar Electronics*, all of the usual indicia of contact with Massachusetts by USC are lacking. *See* Dougherty Decl., ¶¶ 2-10. Accordingly, even if USC's filing of an opposition to Plaintiff's trademark in Virginia was somehow found to be tortious, section 3(d) would still not apply since USC does not regularly do or solicit business, engage in another persistent course of conduct or derive substantial revenue form goods used or consumed in Massachusetts. Mass. Gen. Laws ch. 223A, § 3(d). Because none of the provisions of the Massachusetts long-arm statute apply to USC, this Court is not authorized to exercise personal jurisdiction of USC, and Plaintiff's claims against USC must be dismissed under Rule 12(b)(2) of the Federal Rules of Procedure.

**B.      Constitutional Due Process Analysis Confirms that USC is Not Subject to Jurisdiction in Massachusetts**

Even if the Massachusetts long-arm statute did apply, personal jurisdiction over USC is not proper because the exercise of personal jurisdiction in this case does not comport with due process. *Shipley Co. v. Clark*, 728 F. Supp. 818 (1st Cir. 1990) ("For jurisdiction to be proper, constitutional requirements of due process must be met"). Due process can be established by either "general" or "specific" jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). General jurisdiction requires the defendant to have "continuous and systematic general business contacts" in the forum state whereas specific jurisdiction refers to "jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.8, 416.

**1.      An Assertion of General Jurisdiction Over USC in Massachusetts Violates Due Process**

To establish that this Court has general jurisdiction over USC, Plaintiff has the burden of establishing that USC has continuous and systematic contacts with Massachusetts, and that the exercise of jurisdiction would be reasonable. *Cambridge Literary Props.*, 295 F.3d at 63; *Heins v. Wilhelm Loh Wetzlar Optical Machinery GMBH & Co.*, 26 Mass. App. Ct. 14, 22 (1988) ("The constitutional standards for general jurisdiction are more demanding in that they require contacts of a continuous and systematic nature"); *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 1999) (no general jurisdiction where limited and intermittent contacts did not rise to the level of "continuous and systematic"). "[T]he standard for evaluating whether . . . contacts satisfy the constitutional general jurisdiction test is considerably more stringent than that applied to specific jurisdiction questions." *Noonan v. Winston Co.*, 135 F.3d 85, 93 (1st Cir. 1998).

The evidence shows that USC lacks any significant contacts with Massachusetts, and certainly does not have continuous and systematic contacts with Massachusetts.  USC has no physical presence at all in Massachusetts.  Dougherty Decl. at ¶ 6.  It has no bank accounts, real property or other assets in Massachusetts, and is not currently qualified to do business in Massachusetts.  *Id.* at 5–7.[2]  USC does not currently have a registered agent for service of process in Massachusetts, and is not listed in any Massachusetts telephone directory.  *Id.* at 5, 6.

The limited contacts USC does have with the Commonwealth of Massachusetts are not sufficiently "continuous and systematic" that USC "would reasonably anticipate being haled into court in [Massachusetts]."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In addition, numerous courts have held that the exercise of general personal jurisdiction over an institution of higher education based upon its "general participation in the type of interstate activity in which any nationally prominent educational institution would engage" would not comport with fair play and substantial justice.  *Gallant v. Trustees of Columbia University*, 111 F. Supp. 2d 638, 641 (E.D. Pa. 2000); *Gehling v. St. George's School of Medicine, Ltd.*, 773

---

[2] USC was registered with the Secretary of the Commonwealth of Massachusetts from October 1999 to October 2002, when it filed a Certificate of Withdrawal.  *See* Wetzstein Decl., ¶¶ 3, 4.  Registration to do business in Massachusetts does not mean that a foreign company has automatically consented to personal jurisdiction.  *See Christopher v. Mount Snow, Ltd.*, 1996 U.S. Lexis 14948 (D. Mass. Sept. 24, 1996) (granting defendant's motion to dismiss where defendant was registered to do business in Massachusetts and had appointed an agent for service of process in Massachusetts); *Sandstrom v. Chemlawn Corp.*, 904 F.2d 83, 89 (1st Cir. 1990)(finding no personal jurisdiction despite facts that foreign corporation was licensed to do business and had appointed an agent for service in forum).

F. 2d 539, 543 (3d Cir. 1985).  Thus, simply engaging in any or all of the following activities would

not render USC subject to the general jurisdiction of Massachusetts courts:[3]

> (i)   Soliciting Massachusetts students through advertisements and
>       other recruitment activities;[4]
>
> (ii)  Accepting applications for admission from Massachusetts
>       residents;[5]
>
> (iii) Counting Massachusetts residents among its student body;[6]
>
> (iv)  Establishing a joint degree program with a Massachusetts
>       educational institution;[7]
>
> (v)   Establishing an exchange program with a Massachusetts
>       educational institution;[8]
>
> (vi)  Maintaining contact with current students and alumni within
>       the Commonwealth of Massachusetts;[9]

_____

[3] As the facts reflect, USC does not engage in all of the activities listed herein.  *See* Dougherty
Decl.

[4] *See Severinsen v. Widener Univ.*, 338 N.J. Super. 42, 52 (2001) (educational institution's
targeted solicitation of Massachusetts high school and college students does not support exercise
of general jurisdiction); *Gehling*, 773 F. 2d at 543 (no general jurisdiction even if foreign
medical school places advertisements in newspapers which circulate in forum, and Chancellor and
Vice Chancellor undertake "media swing" in forum state). *See also Ross v. Creighton
University*, 740 F. Supp. 1319 ( N . D .  Ill. 1990) (no general jurisdiction even assuming college
employed full-time recruiter in forum state to encourage residents to attend) *rev'd in part on other
grounds*, 957 F. 2d 410 (7th Cir. 1992); *Hardnett v. Duquesne Univ.*, 897F. Supp. 920,925 (D.
Md. 1995) ("educational institution not subject to service of process in every state of the union
from which it may seek to attract outstanding athletes or scholars").

[5] *Id.*

[6] *See Gehling*, 773 F. 2d at 543 (holding that Federal District Court for Middle District of
Pennsylvania did not have general jurisdiction over university located in Grenada, West Indies,
even though six percent of university's students came from Pennsylvania); *Scherer v. Univ.
Missouri Law School*, 152 F. Supp. 2d 1278 (D. Kan. 2001) (no general jurisdiction over university
which admits students from a variety of states).

[7] *See Gehling*, 773 F. 2d at 542-43.

[8] *See Gehling*, 773 F. 2d at 542-43 (no jurisdiction over foreign medical school which had a joint
international program with local college).

(vii)   Participating in athletic competitions in Massachusetts and being a member of an athletic conference which includes member schools from Massachusetts;[10]

(viii)  Purchasing academic journals and other academic materials from Massachusetts companies;[11] and/or

(ix)    Soliciting money from Massachusetts residents as a form of fund-raising.[12]

Indeed, in *Scherer v. Univ. Missouri Law School*, 152 F. Supp. 2d 1278 (D. Kan. 2001) the court remarked that the plaintiff "directed the court to no case in which a university from a non-forum state has been held to be subject to the general jurisdiction of a forum state and, in fact, every case which the court has uncovered holds directly to the contrary." *Id.* at 1282-83 (citing *Gehling*, 773 F.2d 539 (3d Cir. 1985); *Gallant*, 111 F. Supp. 2d 638 (E.D. Pa. 2000); *Park v. Oxford Univ.*, 35 F. Supp. 2d 1165 (N.D. Cal. 1997), *aff'd*, 165 F.3d 917 (9th Cir. 1998); *Hardnett v. Duquesne University*, 897 F. Supp. 920 (D. Md. 1995); *Norris v. Oklahoma City Univ.*, 1993 U.S. Dist. LEXIS 11349, (N.D. Cal. Aug. 3, 1993), *aff'd*, 21 F.3d 1115 (9th Cir, 1994); *Ross v. Creighton Univ.*, 740 F. Supp. 1319 (N.D. Ill. 1990), *rev'd in part on other grounds*, 957 F.2d 410 (7th Cir. 1992)).

In *Gehling*, the court held that St. George's School of Medicine, a Caribbean institution, did not have a sufficient nexus to Pennsylvania to subject the school to general jurisdiction

---

[Footnote continued from previous page]

9   *Gehling*, 773 F. 2d at 542-43; *Norris v. Oklahoma City Univ.*, 1993 U.S. Dist. Court LEXIS 11349 (N.D. Cal. Aug. 3, 1993) *aff'd* 21 F. 3d 1115 (9th Cir. Cal. 1994), *cert. denied* 513 U.S. 1084 (1995).

10  *See e.g. Ross v. Creighton Univ.*, 740 F. Supp, at 1324.

11  *See e.g., Park v. Oxford Univ.*, 35 F. Supp. 2d 1165, 1167 (N.D. Cal. 1997), *aff'd* 165 F. 3d 917 (9th Cir. 1998).

12  *See e.g., Park v. Oxford Univ.*, 35 F. Supp. 2d at 1167.

within that State despite the fact that St. George's advertised in national newspapers that

circulated in Pennsylvania; counted Pennsylvania residents among its student body; sent school

representatives to Philadelphia as part of a "media swing" intended to raise St. George's profile; and

entered into an agreement with a Pennsylvania college to establish a joint international program

combining pre-medical studies in Pennsylvania with medical training in Grenada. *Gehling*, 773

F.2d at 541-42. In concluding that these contacts were insufficient, the court emphasized that a

school's student body, or the fact that it received funds from these students, could not support

jurisdiction:

> The fact that some of St. George's students are Pennsylvania residents does not
> signify a relevant business contact. Advanced educational institutions typically
> draw their student body from numerous states, and appellants' theory would
> subject them to suit on non-forum related claims in every state where a member
> of the student body resides. Thus, the fact that residents of the state apply and are
> accepted for admission to St. George's is of no moment. For the same reason, the
> fact that St. George's may be said to derive some percentage of its revenue from
> Pennsylvania residents in return for services provided in Grenada does not
> subject it to in *personam* jurisdiction.

*Id.* at 542-43 (citations omitted).

Accordingly, USC's limited contacts with Massachusetts are certainly not sufficiently

"continuous and systematic" to make USC susceptible to every sort of claim that might be

filed in Massachusetts. Thus, USC is not subject to the general jurisdiction of this Court.

**2.     An Assertion of Specific Jurisdiction Over USC in Massachusetts
        Violates Due Process**

Where, as here, contacts fall short of being "continuous and systematic" such that general

jurisdiction would be unfair, the alleged contacts are analyzed to determine whether they are

sufficient for a finding of specific jurisdiction. *U.S. v. Swiss Am. Bank*, 274 F.3d 610, 623 (2001).

Due process imposes three requirements on the exercise of specific personal jurisdiction over an

out-of-state defendant. *Id.* at 621; *Cambridge Literary Props.*, 295 F.3d at 63. First, plaintiff's

12

cause of action must arise from defendant's forum-related activities.  Second, defendant must

have "minimum contacts" with the state constituting purposeful availment of the benefits and

protections afforded by the forum's laws.  Third, the exercise of jurisdiction must be "reasonable"

under the circumstances.  *U.S. v. Swiss Am. Bank,* 274 F.3d at 621; *Cambridge Literary Props.,*

295 F.3d at 63

Specific jurisdiction analysis must begin by identifying the alleged contacts since a

defendant's contacts are central to each of the three prongs.  *U.S. v. Swiss Am. Bank,* 274 F.3d at

621, *citing Sawtelle v. Farrell,* 70 F.3d 1389 (1st Cir. 1995).  Here, Plaintiff has not alleged any

contacts at all between USC and Massachusetts, and, accordingly, none of the prongs can be met.

Specifically, Plaintiff's claims against USC, which relate to USC's opposition to Plaintiff's

trademark application in Virginia, do not arise out of forum related activities by USC.  *U.S. v.*

*Swiss Am. Bank,* 274 F.3d at 621 ("there can be no requisite nexus between the contacts and the

cause of action if no contacts exist").  Next, an analysis of USC's minimal contacts in

Massachusetts confirms that USC never purposefully availed itself of the benefits and protections

of Massachusetts law.  *See Massachusetts School of Law at Andover, Inc. v. Am. Bar Assn.,* 142

F.3d 26 (1st Cir. 1998) ("based on these exiguous contacts [defendant] could not reasonably have

foreseen being haled into a Massachusetts court to answer allegations of a wide-ranging

conspiracy").  Finally, the exercise of personal jurisdiction over USC in this case cannot be

reasonable where there are virtually no contacts with the forum, and where the contacts did not

give rise to the claim.  Accordingly, the exercise of personal jurisdiction over USC is inconsistent

with due process, and plaintiff's claims against USC must be dismissed for lack of personal

jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

# IV.
# CONCLUSION

For all of the foregoing reasons, USC requests that the Court grant this motion and dismiss Plaintiff's complaint against USC.

Respectfully submitted,

UNIVERSITY OF SOUTHERN CALIFORNIA

*By its attorneys,*

MORISI & OATWAY, P.C.

DATED: _____

/s/ Amanda P. O'Reilly
Andrew C. Oatway BBO# 561885
Amanda P. O'Reilly BBO# 641378
MORISI & OATWAY, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA 02184
Voice  617.479.0400
Fax     617.479.6885

*and,*

/s/ Sarah R. Wetzstein
Joel A. Feuer* CABN 100663
Sarah R. Wetzstein* CABN 216840
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500
(310) 551-8741 (fax)
(*pro hac vice applications pending)

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the plaintiff by US Mail on the date set forth below.

DATED: _____

_____
Amanda P. O'Reilly

20180114_1.DOC

14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Dennis J. Solomon, | ) | Civil Action No. 04-12499 WGY |
| | ) | |
| Plaintiff, | ) | |
| | ) | DECLARATION OF SARAH |
| Charles Vest; | ) | WETZSTEIN IN SUPPORT OF |
| *et al.*, | ) | USC'S RULE 12(b)(2) MOTION TO |
| Defendants | ) | DISMISS |
| | ) | |

DATED:  March 8, 2005

Andrew C. Oatway BBO# 561885
Amanda P. O'Reilly BBO# 641378
MORISI & OATWAY, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA  02184
Voice   617.479.0400
Fax     617.479.6885

*and*

Joel A. Feuer* CABN 100663
Sarah R. Wetzstein* CABN 216840
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500
(310) 551-8741 (fax)
(*pro hac vice applications pending)

I, Sarah R. Wetzstein declare and state:

1.      I am an attorney, duly licensed to practice law in the State of California, and am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel for defendant the University of Southern California ("USC") in this action. I am one of the attorneys responsible for the representation of USC in this matter. The facts set forth herein are based on my personal knowledge and, if called upon to testify, I could and would competently testify thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of USC's Opposition No. 119754 to Dennis Solomon's trademark application (Serial No. 74/428,299). Said Opposition was sent by express mail to the Assistant Commissioner for Trademarks, 2900 Crystal Drive, Arlington, Virginia, 22202-3513 on July 28, 2000.

3.      Attached hereto as Exhibit B is a true and correct copy of the University of Southern California summary screen that I printed from the Massachusetts Secretary of State website on March 4, 2005. The screen shows that the University of Southern California registered in Massachusetts on October 28, 1999 and withdrew on October 9, 2002.

4.      Attached hereto as Exhibit C is a true and correct copy of the University of Southern California's Certificate of Withdrawal, filed with the Secretary of the Commonwealth of Massachusetts on October 9, 2002.

/ / /

/ / /

/ / /

/ / /

/ / /

1

5.      I met and conferred with plaintiff Dennis Solomon regarding USC's Motion to Dismiss on March 3, 2005.  I informed Mr. Solomon that USC does not believe that it is subject to personal jurisdiction in Massachusetts and that USC plans to file a motion to dismiss unless Mr. Solomon would agree to dismiss USC.  Mr. Solomon indicated that he believes that USC is subject to personal jurisdiction in Massachusetts and that he intends to oppose USC's motion.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 7th day of March, 2005.

/s/ Sarah R. Wetzstein_____
Sarah R. Wetzstein


## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the plaintiff by US Mail on the date set forth below.

DATED:  _____          _____
                                      Amanda P. O'Reilly

20180267_1.DOC

**EXHIBIT A**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | | |
|---|---|---|---|
| Applicant: | Dennis J. Solomon | Opposition No. | |
| Serial No.: | 74/428,299 | | |
| Filed: | August 23, 1993 | | |
| Published: | May 30, 2000 | | |
| Mark: | HOLODECK (Stylized) | | |

Box TTAB FEE
Assistant Commissioner for
Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

> **CERTIFICATE OF EXPRESS MAILING 37 CFR 1.10**
> I hereby certify that this document and any documents indicated as being enclosed herewith are being deposited with the United States Postal Service as Express Mail, No. EI529161422US, postage paid, in an envelope addressed to Box TTAB FEE, Assistant Commissioner for Trademarks, 2900 Crystal Drive, Arlington, VA 22202-3513.
>
> on: July 28, 2000          By: _Irma R. Guerra_
>                            Name:  Irma R. Guerra

### NOTICE OF OPPOSITION

Pursuant to Trademark Rule 2.102, University of Southern California, a California non-profit corporation located at University Park, ADM 352, Los Angeles, California 90089 (hereafter "Opposer"), believes that it will be damaged by registration of the mark shown in application Serial No. 74/428,299 in International Class 9 and hereby opposes the same.

As grounds for opposition, it is alleged that:

1.     The applicant, Dennis J. Solomon (hereafter "Applicant"), an individual citizen of the United States whose address is believed to be P.O. Box 289, Yarmouth Port, Massachusetts 02675, seeks to register "HOLODECK" (stylized letters) (hereafter the "Mark") as a trademark for a "3D display apparatus comprising an optical scanner, a collimating device and a video monitor for use in a variety of fields including medicine, science and education" in International Class 9, claiming a first-use date of January, 1993 in connection with the Mark. The Mark was published in the *Official Gazette* of the United States Patent and Trademark Office ("PTO") on May 30, 2000 as application Serial No. 74/428,299 (hereafter the "Application").

20100025_1_.doc

2.     The Mark is simply the word "HOLODECK" with the letters "H" and "D" being in upper case and the remaining letters being in lower case, all in a standard type font. The Mark therefore conveys no commercial impression apart from the plain meaning of the word "HOLODECK."

3.     The goods for which Applicant has applied to register "HOLODECK" comprise a *virtual reality* device.

4.     In fact, a second applicant, Evans & Sutherland Computer Corporation ("Evans & Sutherland"), a Utah corporation, similarly filed an application to register "HOLODECK" for a "system for providing a real-time, interactive, computer generated image for display on hemispherical surfaces, namely, slide projectors, raster-based display monitors, computer graphics image generators, dome video screens, audio equipment comprising computers, interactive voting/interaction equipment comprising voting machines and displays for displaying results of voting, and integration equipment comprising data communication lines and computers," under application Serial No. 75/212,723. The Evans & Sutherland application, also for a *virtual reality* device, has been placed on suspension pending the outcome of Applicant's application. The reason cited for the suspension is potential likelihood of confusion with Applicant's mark under 15 U.S.C § 1052(d).

5.     The word "holodeck" is a generic term for a virtual reality device or mechanism because the general public recognizes the term to mean a virtual reality device. Upon information and belief, the term was first coined in the popular television series *Star Trek: The Next Generation.* The word "holodeck" is now generally used and understood to mean any virtual reality device. This is evidenced by the fact that a search through news items from recent years revealed more than 850 articles discussing "holodeck," most of which were not about the "holodeck" device featured on *Star Trek.* These articles employed the term "holodeck" in order to describe virtual reality devices in a recognizable fashion for a general population of readers. For example, in describing the "Range 2000," a live-action simulator that projects scenarios of crime scenes and is used to train police officers, the author said he and other trainees were drilled "through the low-rent holodeck in groups of four." David Holthouse, *Hollow Points; State Requirements For a Concealed Weapons Permit Are Hit Or Miss,* <u>Phoenix New Times</u>, March 2, 2000.

6.     The term "holodeck" is the generic name for the goods of application Serial No. 74/428,499, namely a virtual reality device, and as such, is not registrable.

7.     The term "holodeck" does not function as a "trademark" as defined by 15 U.S.C. 1127 because it does not identify and distinguish the goods associated with the Mark for those manufactured or sold by others and does not indicate the source of the goods.

8.     In the event that the term "holodeck" is not found to be the generic name for the goods of application Serial No. 74/428,499, the term "holodeck" is merely descriptive or deceptively misdescriptive of the goods of said application, and as such, is not registrable under 15 U.S.C. § 1052(e). Upon information and belief and assuming arguendo that acquired distinctiveness could be established in the mark of the Application, Applicant has not acquired distinctiveness in the term "holodeck."

9.    Opposer has a real interest in this case because it intends to build a virtual reality device akin to the device of *Star Trek* known as a "holodeck."  As such, the term "holodeck" is necessary to describe Opposer's device, and accordingly must not be allowed to be monopolized by Applicant.

10.    If Applicant is granted the registration herein opposed, Applicant would thereby obtain at least a *prima facie* exclusive right to use the mark under 15 U.S.C. § 1115(a).  Such registration would cause damage and injury to Opposer as the right of Opposer to refer to its "holodeck" device may be improperly cast into doubt.

11.    A registration resulting from the Application may become "incontestable" under the provisions of 15 U.S.C. § 1065, which would further improperly cast into doubt Opposer's right to use the word "holodeck."

WHEREFORE, Opposer prays that this Opposition be sustained.

This Notice of Opposition, and the $300 fee required under § 2.6(a)(17), are enclosed herewith as check no. _17863_.  This Notice of Opposition is being mailed in duplicate.


Dated: July 28, 2000

Respectfully submitted,

GIBSON, DUNN & CRUTCHER, LLP

Scott A. Edelman
2029 Century Park East, Suite 4000
Los Angeles, CA  90067-3026
Telephone:  (310) 557-8061

Peter F. Weinberg
1801 California Street, Suite 4100
Denver, CO 80202-2641
Telephone:  303 298 5901

Attorneys for Opposer
University of Southern California


Encls.
Postcard receipt
Check No. _17863_
Reference no. 93107-00062

3

CENTURY PLAZA OFFICE
FIRST INTERSTATE BANK
OF CALIFORNIA
2029 CENTURY PARK EAST BLVD.
LOS ANGELES, CA 90067

# GIBSON, DUNN & CRUTCHER LLP

16-21/307
1220

No. 17863

LAWYERS
LOS ANGELES, CALIFORNIA 90067

TO THE
ORDER OF    Commissioner of Patents and Trademarks

DATE
7-28-2000

AMOUNT
**$300.00**

PAY    THE SUM 300 DOLS 00 CTS

GIBSON, DUNN & CRUTCHER LLP
CHECK VOID AFTER 180 DAYS

_William S. [signature]_

⑈017863⑈ ⑈122000218⑈307500105⑈ 11

---

DETACH BEFORE DEPOSITING    **GIBSON, DUNN & CRUTCHER LLP • LOS ANGELES, CALIFORNIA**    No. 17863

| INVOICE DATE | INVOICE NUMBER | DESCRIPTION | INVOICE AMOUNT | NET PAID |
|---|---|---|---|---|
| 7-28-2000 | | Trademark Opposition re Holodeck | $300.00 | $300.00 |

**EXHIBIT B**

The Commonwealth of Massachusetts William Francis Galvin - Public Browse and Search    Page 1 of 2



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

## *UNIVERSITY OF SOUTHERN CALIFORNIA* Summary Screen

Help with this form

> **Request a Certificate**

**The exact name of the Foreign Corporation:** UNIVERSITY OF SOUTHERN CALIFORNIA

**Entity Type:** Foreign Corporation

**Identification Number:** 000678680

**Old Federal Employer Identification Number (Old FEIN):** 000000000

**Date of Registration in Massachusetts:** 10/28/1999

**Date of Withdrawal:** 10/09/2002

**The is organized under the laws of:** State: CA   Country: USA   on: 11/15/1895

**Current Fiscal Month / Day:** 6 / 30          **Previous Fiscal Month / Day:** 06 / 30

**The location of its principal office:**
No. and Street:   OFFICE OF THE PRESIDENT
                  UNIVERSITY PARK
City or Town:   LOS ANGELES          State: CA   Zip: 90089   Country: USA

**The location of its Massachusetts office, if any:**
No. and Street:
City or Town:          State:      Zip:      Country:

**The name and address of the Registered Agent:**
Name:   CORPORATION SERVICES COMPANY
No. and Street:   84 STATE ST.,
City or Town:   BOSTON          State: MA   Zip: 02109   Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration<br>of Term |
|---|---|---|---|
| PRESIDENT | STEVEN B. SAMPLE | UNIVERSITY PARK, LOS ANGELES, CA 90089-0012 USA | |

The Commonwealth of Massachusetts William Francis Galvin - Public Browse and Search    Page 2 of 2

| TREASURER | WILLIAM C. HROMADKA | UNIVERSITY PARK, LOS ANGELES, CA 90089-0012 USA | . |

**business entity stock is publicly traded:** __

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles of Organization or Amendments *Num of Shares     Total Par Value* | Total Issued and Outstanding *Num of Shares* |
|---|---|---|---|
| No Stock Information available online. Prior to August 27, 2001, records can be obtained on microfilm. | | | |

__ Consent     __ Manufacturer     __ Confidential Data     __ Does Not Require Annual Report

__ Partnership     __ Resident Agent     __ For Profit     __ Merger Allowed

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement

[ View Filings ]     [ New Search ]

| Comments |

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

Help

**EXHIBIT C**

MSC.4

Examiner

FEDERAL IDENTIFICATION
NO. 95-1642394
Fee: $100.00

# The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

C94

## CERTIFICATE OF WITHDRAWAL
(General Laws, Chapter 181, Section 16)

We, Dennis F. Dougherty _____ , *President / *Vice President, Senior Administration

and Janis B. McEldowney _____ , *Clerk / *Assistant Clerk or *Secretary / *Asst. Secretary,

of University of Southern California _____ ,
University Park Campus *(Exact name of corporation)*
University of Southern California
located at Los Angeles, CA  90089 _____ ,
*(Street address of corporation)*

in compliance with the provisions of General Laws, Chapter 181, Section 16, certify as follows:

1. The corporation was organized under the laws of the state of: California

2. The date of organization of the corporation is: November 15, 1895

3. The date on which the corporation's fiscal year ends is: June 30

4. The name and residential address of each director and officer of the corporation is as follows:

| NAME | RESIDENTIAL ADDRESS |
|---|---|
| | |

President:

See Schedule A (attached hereto)

Treasurer:

Clerk or Secretary:

Directors: Due to its non-profit status, this entity does not
have directors.  In lieu of directors, there are
trustees and officers as shown in Schedule A.

9

P.C.

*Delete the inapplicable words.

10/28/99

181rev4/9/00

## University of Southern California

### Officers

| | | |
|---|---|---|
| John C. Argue | Chairman, Board of Trustees | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Steven B. Sample | President (Chief Executive Officer | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Lloyd Armstrong, Jr. | Provost and Senior Vice President,<br>Academic Affairs | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Dennis F. Dougherty | Senior Vice President,<br>Administration, Chief Financial<br>Officer and Secretary | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Alan Kreditor | Senior Vice President, University<br>Advancement | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Jane G. Pisano | Senior Vice President, External<br>Relations | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Stephen J. Ryan | Senior Vice President, Medical Care | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| William C. Hromadka | Treasurer, and Associate Senior Vice<br>President | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Martha Harris | Vice President, Public Relations | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Thomas H. Moran | Vice President, Business Affairs | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Joseph Aoun | Vice President, Planning and Dean of<br>The College of Letters, Arts and<br>Sciences | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Joseph P. Van Der Meulen | Vice President, Health Affairs | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Marcia R. Wood | Comptroller | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Janis B. McEldowney | Assistant Secretary | University Park, ADM 110<br>Los Angeles, CA 90089-0012 |

Schedule A

University of Southern California
Board of Trustees

| <u>Name</u> | <u>Address</u> |
|---|---|
| William C. Allen | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| John C. Argue | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Wallis Annenberg | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Joseph M. Boskovich | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| David F. Brubaker | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Ronnie C. Chan | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Yang Ho Cho | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Richard W. Cook | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Frank H. Cruz | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Malcolm R. Currie | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |
| Stanley P. Gold | c/o Office of the President<br>University Park, ADM 110<br>Los Angeles, CA 90089-0012 |

Patrick C. Haden

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

B. Wayne Hughes

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Ray R. Irani

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Suzanne Nora Johnson

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

William M. Keck II

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

John F. King

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

John Kusmiersky

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Daniel D. Lane

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Monica Lozano

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Alfred E. Mann

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Linda D. Maudlin

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Kathleen L. McCarthy

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Jerry W. Neely

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Harlyne Norris

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Toshiaki Ogasawara

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Joan Payden

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Jane Hoffman Popovich

c/o Office of the President
University Park, ADM : 10
Los Angeles, CA 90089-0012

Frank Price

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Blake Quinn

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Lorna Y. Reed

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Linda Johnson Rice

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Robert S. Rollo

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Edward P. Roski, Jr.

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Barbara J. Rossier

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Steven B. Sample

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

Forrest N. Shumway

c/o Office of the President
University Park, ADM 110
Los Angeles, CA 90089-0012

William E.B. Siart

c/o Office of the President
University Park, ADM 110
Los Angeles, CA  90089-0012

Robert H. Smith

c/o Office of the President
University Park, ADM 110
Los Angeles, CA  90089-0012

Steven Spielberg

c/o Office of the President
University Park, ADM 110
Los Angeles, CA  90089-0012

Richard J. Stegemeier

c/o Office of the President
University Park, ADM 110
Los Angeles, CA  90089-0012

Ronald Tutor

c/o Office of the President
University Park, ADM 110
Los Angeles, CA  90089-0012

Andrew J. Viterbi

c/o Office of the President
University Park, ADM 110
Los Angeles, CA  90089-0012

Willis B. Wood, Jr.

c/o Office of the President
University Park, ADM 110
Los Angeles, CA  90089-0012

Edward Zapanta

c/o Office of the President
University Park, ADM 110
Los Angeles, CA  90089-0012

5. The corporation is no longer doing business in the Commonwealth of Massachusetts.

6. Attached to this certificate shall be a certificate from the Commissioner of Revenue that all taxes due and payable by the corporation to the Commonwealth have been paid or provided for.

SIGNED UNDER THE PENALTIES OF PERJURY, this ___30___ day of ___Sept_____ , 20 _02_ .

_____ , *President / *Vice President,
Dennis F. Dougherty

_____ , *Clerk / *Assistant Clerk or *Secretary / * Asst. Secretary.
Janis B. McEldowney
*Delete the inapplicable words.



| **Commonwealth of Massachusetts** | **Department of Revenue** |

**Taxpayer Service Division**
Certificate Unit
P.O. Box 7066
Boston, MA 02204

June 5, 2002

UNIVERSITY OF SOUTHERN CALIFORNIA

UNIVERSITY PARK, ADM 352

LOS ANGELES, CA 90089

# TAX CERTIFICATE

Secretary of State
Director of Corporations
One Ashburton Place
Seventeenth Floor
Boston, Ma. 02108

Gentlemen:

Pursuant to the provisions of General Laws, Chapter 181, Section 16, I certify that all taxes due and payable by the above named corporation to the Commonwealth have been paid or provided for.

Very Truly Yours,

By _____
Assistant Chief,
Automated Systems Bureau

**No.    75445**

5066   -   98102

Alan LeBovidge
Commissioner

812121

*09053782*

THE COMMONWEALTH OF MASSACHUSETTS

### CERTIFICATE OF WITHDRAWAL
(General Laws, Chapter 181, Section 16)

I hereby approve the within Certificate of Withdrawal and, the filing fee in the amount of $ 100.00 having been paid, said application is deemed to have been filed with me this 9th day of October ~ 2002,

*William Francis Galvin*

**WILLIAM FRANCIS GALVIN**
*Secretary of the Commonwealth*

**TO BE FILLED IN BY CORPORATION**
Photocopy of document to be sent to:

Office of the General Counsel

University of Southern California

University Park, ADM 352

Los Angeles, CA 90089

Telephone: (213) 740-7922

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Dennis J. Solomon,            )       Civil Action No. 04-12499 WGY
                           )
          Plaintiff,    )
                           )       DECLARATION OF DENNIS
                           )       DOUGHERTY IN SUPPORT OF
Charles Vest;             )       USC'S RULE 12(b)(2) MOTION TO
*et al.*,                     )       DISMISS
          Defendants    )
                           )

DATED: March 8, 2005

Andrew C. Oatway BBO# 561885
Amanda P. O'Reilly BBO# 641378
MORISI & OATWAY, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA  02184
Voice   617.479.0400
Fax      617.479.6885

*and*

Joel A. Feuer* CABN 100663
Sarah R. Wetzstein* CABN 216840
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500
(310) 551-8741 (fax)
(*pro hac vice applications pending)

I, DENNIS DOUGHERTY declare and state:

1.      I am a Senior Vice President Administration for the University of Southern California ("USC"), a defendant in the above-entitled action. I have been employed at USC in this position since July 1990. As Senior Vice President for Administration, I am the senior non-academic officer at the university, and report directly to the president. The facts stated in this Declaration are from my personal knowledge, and if called as a witness, I would and could testify competently thereto.

2.      USC is a private university, a Non-Profit Public Benefit Corporation organized under the laws of the State of California.

3.      USC is located in the State of California. Its two campuses, the University Park Campus and the Health Sciences Campus, are each located in Los Angeles, California. USC also has programs and centers located in Irvine, California; Sacramento, California; Arlington, Virginia and Washington, D.C. USC does not have a campus, program or center located in the Commonwealth of Massachusetts.

4.      USC was not served with process in this case in the Commonwealth of Massachusetts. Rather, a copy of the complaint was sent via United States Priority Mail to the President of USC, Steven B. Sample, University of Southern California, University Park Campus, Los Angeles, CA 90089.

5.      USC is not required to maintain, nor does it currently maintain a registered agent for service of process in the Commonwealth of Massachusetts. It is currently not qualified to do business in the Commonwealth of Massachusetts.

1

6.      USC has no offices in Massachusetts, does not own or lease any real property in Massachusetts, and is not listed in any Massachusetts telephone directory. Indeed, USC has no physical presence in the State of Massachusetts.

7.      USC has no bank accounts or other assets in the State of Massachusetts.

8.      USC does engage in a limited amount of recruiting in Massachusetts. USC sent four academic counselors to Massachusetts for less than a week last fall. They visited a number of high schools to meet with guidance counselors, and two of them spent three days interviewing prospective applicants. During this time, one of the academic counselors also attended collage fairs at eight high schools in Massachusetts. This spring, one counselor will travel to Boston for two college fairs in April.

9.      USC does not have any permanent or established student exchange programs with colleges or universities located in Massachusetts, nor does it have any permanent or established visiting professor exchange programs with any colleges or universities located in Massachusetts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of March, 2005.


                                        /s/ Dennis Dougherty
                                        DENNIS DOUGHERTY


CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the plaintiff by US Mail on the date set forth below.

DATED: _____          _____
                                        Amanda P. O'Reilly


20180115_1.DOC