UNITED STATES DISTRICT COURT
DISTRICT OF EASTERN MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR 10 P 1: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

DENNIS J. SOLOMON, Plaintiff

v.                                    Civil No: 04-12499WGY

CHARLES VEST,
et al., Defendants

## PLAINTIFF'S FIRST REQUEST FOR CORRECTION OF THE ORDER OF FEBRUARY 28, 2005 DISMISSING MIT

"*Never, never, never, never give up,*" advice on life and confronting corruption from a respected jurist.

The Plaintiff, Dennis J. Solomon, respectfully requests that this Court correct and vacated its ruling of February 28, 2005 dismissing this action as to Defendant MIT.

In support of this request, I, Dennis J. Solomon, attest that it was not my intention to assent to the Defendant's motion, and that it is my belief that the dismissal prior to full discovery will cause considerable damage to MIT, both in terms of the opportunity cost of matching funds, and the expenses incurred in litigating discovery and other issues.

As the Complaint avers, the gist of the MIT case is the role Vest, Swope and MIT played in the interstate schemes

1

to obtain trade secrets, the fraudulent prosecution of U.S. Patent applications based on Solomon's trade secrets, threats of patent infringement based on said unlawfully obtained patents, the interference with existing and prospective business relation including but not limited to an agreement with the Boeing Corporation, and an ongoing conspiracy to interfere with interstate commerce by larceny, fraud, threats of and actual violence. All of the actionable acts occurred after November 29, 2001, although certain precedent acts occurred within the ten years preceding November 29, 2001.

Correcting and amending the Complaint, to succinctly state the case of action, is important to all parties. Additionally, it is my belief and opinion that the failure of this Court to afford full discovery on those claims so amended, will seriously jeopardize the safety of the citizens of Boston and the Nation.

In disclosures I submitted to the FBI or other appropriate authorities since 1996, I stated that it is my belief and opinion that the terrorist adversaries of the United States, including Argentinean-based, neo-Nazi organizations together with individuals double-crossed by Defendants Malloy, McManus, and the Atlantis-Harvard Law cartel, have obtained and constructed sophisticated cruise

2

missiles with biological warheads, with the intention of using same on these targets. The recent extradition of Atlantis-Harvard[1] Law financed, arms-for-drugs entrepreneur, Sidney Lewis[2], further suggests that an attack on a gathering or commencement of said institutions is imminent.

The complaint avers and it is my opinion and belief that one should not dismiss lightly the inferences from the late Attorney General Elliot Richardson's admonition regarding the role of Defendant McManus, an attorney and former White House Assistant to President Reagan, in the rebuilding of Lebanon, the death, in 1990, of Houssam Hariri[3], an MIT student; and incidents surrounding journalist Casolaro and related affairs.

Yet, however complex and far-fetched the roles of Defendants McManus, Malloy, Morse and Vest may appear, the present issue before the Court is simple -- whether I intended to assent to the dismissal of MIT, and waive my right to an oral hearing.

I did not.

It is my belief and opinion that in addition to my personal right for a redress of injuries, the present litigation will assist MIT in the return to the role as an

---

[1] Roy Riepen, Harvard Law scholar, Founder, Boston Tea Party Nightclub, Circuit Court Judge
[2] Sidney Lewis, Portland News-Register, June 2, 2004
[3] MIT Tech Talk, "Death of MIT Student Houssam Hariri, October 23, 1990, Page 1

3

independent analytical institution for which it is famous. The Board of Directors of MIT willingness to carefully and fully investigate these allegations has wide support by the faculty, administrators and alumni. Indeed, it is likely that any funds MIT transfers to the MIT MacVicar Fund will be matched 10-fold by alumni classes from 1939 to the present.

Therefore, I respectfully request this Court to vacate its dismissal of MIT and reschedule the date for the submission of reply briefs and said hearing to a time after April 16, 2005.

Respectfully submitted on March 9, 2005.

Dennis J. Solomon
PO Box 289
Yarmouth Port, MA 02675
508 394 9221
djs.vest@citizenslaw.org

CERTIFICATE OF SERVICE: I certify that I served a copy of this document upon the titled Defendant by first class or electronic mail as agreed by the parties on March 9, 2005.

4