UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS J. SOLOMON,<br><br>       Plaintiff,<br><br>v.<br><br>CHARLES VEST, *et al.*,<br><br>       Defendants. | Civil Action No. 04-12499WGY |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE DEFENDANT
TEXAS INSTRUMENTS, INC. TO DISMISS THE PLAINTIFF'S COMPLAINT**

TEXAS INSTRUMENTS, INC.

By its attorneys,

Edward J. Naughton (BBO No. 600059)
Kristin J. Moody (BBO No. 661792)
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: March 21, 2005

# 2670306_v2

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................I
BACKGROUND ............................................................................................................................1
ARGUMENT ..................................................................................................................................3
I.   The Complaint Fails To Allege Any Facts Which State A Claim Against TI
     And Fails To Satisfy The Requirements Of Rule 9(B) ........................................................3
     A.   THE COMPLAINT CANNOT SATISFY EVEN THE MINIMAL PLEADING
          REQUIREMENTS ..........................................................................................................3
          1.   A Complaint Comprised Of Conclusory And Rambling Allegations
               Must Be Dismissed ............................................................................................3
          2.   Fraud Must Be Pled With Particularity .............................................................4
          3.   Civil Conspiracy ................................................................................................5
          4.   Breach of Contract .............................................................................................5
          5.   RICO ..................................................................................................................5
     B.   THE COUNTS AGAINST TI .........................................................................................6
          1.   Count I (p. 8) .....................................................................................................6
          2.   First Count VI (p. 13) ........................................................................................7
          3.   Second Count VI (p. 13) ...................................................................................8
          4.   Second Count IV (p. 15) and Count VIX [sic] (p. 16) ....................................10
          5.   The Remaining General Counts in the Complaint ..........................................11
          6.   The Amendment ..............................................................................................12
II.  Several Of The Claims In The Complaint Are Also Time-Barred .....................................12
III. All Claims Against TI Should Be Dismissed With Prejudice ............................................14
CONCLUSION .............................................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aulson v. Blanchard*, 83 F.3d 1 (1st Cir. 1996) ............................................................................14

*Carroll v. Xerox*, 294 F.3d 231 (1st Cir.2002)..........................................................................5, 12

*Doyle v. Hasbro, Inc.*, 103 F. 3d 186 (1st Cir. 1996) ..................................................................5, 9

*Ducally v. Rhode Island Dep't of Corrections*, 160 F. Supp. 2d 220
    (D.R.I. 2001) ...................................................................................................3, 4, 6, 7, 11

*Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004) ......................3

*Efron v. Embassy Suites Inc.*, 223 F.3d 12 (1st Cir. 2000) ........................................................5, 12

*Feinstein v. Resolution Trust Corp.*, 942 F.2d 34 (1st Cir. 1991) ...................................................6

*Fleming v. Lind-Waldock & Co.*, 922 F.2d 20 (1st Cir. 1990) ........................................................3

*Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 37 (D. Mass 2004) ........................................................5, 9

*Hayduk v. Lanna*, 775 F.2d 441 (1st Cir. 1985) ................................................................4, 5, 8, 9

*Judge v. City of Lowell*, 160 F.3d 67 (1st Cir. 1998) ...................................................................14

*Kibbe v. Potter*, 196 F. Supp. 2d 48 (D. Mass. 2002)....................................................5, 8, 11, 12

*LaChapelle v. Berkshire Life Insur. Co.*, 142 F.3d 507 (1st Cir. 1998)........................................13

*Martin v. Hunt*, 29 F.R.D. 14 (D. Mass. 1961)..............................................................................4

*Mass Cash Register, Inc. v. Comtrex Sys. Corp.*, 901 F. Supp. 404, 315 (D. Mass.
    1995) ..............................................................................................................................5

*Mooney v. Clerk of Courts*, 831 F. Supp. 7 (D.N.H. 1993) .........................................................11

*Murphy v. United States*, 45 F.3d 520 (1st Cir. 1995)........................................................3, 7, 10

*Newman v. Com. Of Mass.*, 115 F.R.D 341 (D. Mass. 1987).................................................4, 8, 10

*North Bridge Assocs., Inc. v. Boldt*, 274 F.3d 38 (1st Cir. 2001) ...................................................6

*Papas v. Baines*, 981 F.2d 1245 (1st Cir. 1992) .........................................................................4, 8

*Tagliente v. Himmer*, 949 F.2d 1 (1st Cir. 1991) ................................................................. 13, 14

*Turner v. Johnson & Johnson*, 809 F.2d 90 (1st Cir. 1986) ......................................................... 4

*United States ex rel. Gublo v. Novacare, Inc.*, 62 F. Supp. 2d 347 (D. Mass. 1999) ...................... 4

## **FEDERAL STATUTES**

18 U.S.C. § 1962(a) ............................................................................................................................ 6

18 U.S.C. § 1962(b) ............................................................................................................................ 6

18 U.S.C. § 1962(c) ............................................................................................................................ 6

18 U.S.C. § 1962(d) ..................................................................................................................... 5, 12

Fed. R. Civ. P. 8(e)(1) ........................................................................................................................ 4

Fed. R. Civ. P. 9(b) ........................................................................................................ 1, 2, 4, 5, 6, 8, 11

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1, 3

## **STATE STATUTES**

M.G.L. 260, §§ 2 and 2A ............................................................................................................. 1, 13

The defendant Texas Instruments, Inc. ("TI") submits this memorandum in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint of plaintiff David J. Solomon (the "Complaint"). The Complaint fails to state a claim against TI and fails to comply with Fed. R. Civ. P. 9(b). Further, several claims fail for the additional reason that they are time-barred under M.G.L. 260 §§ 2 and 2A.

The plaintiff has filed a lengthy and largely incomprehensible complaint against TI, one of its employees (Dana Dudley, New Applications Manager), its outside counsel (Paul Killeen), and 42 other named defendants and numerous Jane and John Does. Neither the employee, nor its counsel, have been served with process to date. Accordingly, this motion to dismiss is brought only by TI.

## BACKGROUND

The Complaint consists of 207 rambling and often nonsensical paragraphs and asserts twelve counts claiming "noninfringement" and patent invalidity, abuse of process, fraud, conspiracy, antitrust, extortion, interference with advantageous relationships, breach of contract, bribery, commercial disparagement, RICO violations, and Lanham Act violations by various individual defendants or groups of defendants. The names of public figures (e.g., George W. Bush, John Kerry, Justice Stephen Breyer, and Usama Bin Laden) are sprinkled throughout the convoluted allegations. The allegations span a period of over three decades and include colorful descriptions of unidentified women plying the plaintiff with alcohol at parties, mysterious automobile accidents, and assaults at local nightspots.

Certain counts in the Complaint might be read to refer in their headings to all of the defendants, and therefore to include TI, Count III (p. 5) ("et al [sic]"), first Count V[1] (p. 11) ("Et Al [sic]"), second Count V (p. 12) ("Et Al [sic]"), third Count VI (p. 16) ("All Defendants"), and Count VII (p. 17) ("All Defendants").[2] However, these counts never specifically identify TI and thus fail to state a claim against TI. Only Count I (p. 8), first Count VI (p. 13), second Count VI (p. 13), second Count IV (p. 15), and Count VIX [sic] (p. 16) identify TI by name either in the count heading or the allegations contained therein. The allegations regarding TI in these counts are conclusory, disconnected, and often incomprehensible, and thus fail to state any cognizable claim against TI. Further, to the extent that allegations in the Complaint are grounded in fraud, they fail to plead with the requisite particularity under Rule 9(b). Finally, several of these claims are also barred by the applicable statutes of limitation.

On March 11, 2005, the plaintiff filed a Motion to Correct and Amend the Complaint (the "Amendment") and emailed a copy of it to counsel for TI on March 15, 2005. The Amendment attempts to add two additional defendants and another 18 paragraphs to the Complaint. Rather than adding clarity to an already rambling complaint, the Amendment just serves to further confuse and add more insufficient claims. Although a response to the "Motion to Correct and Amend" will be timely filed by TI, this motion will treat the Amendment as allowed and address the allegations in the Amendment that relate to TI.

---

[1] The Complaint contains two Count IVs, two Count Vs, and three Count VIs. They will be referred to herein in the order that they appear in the Complaint (e.g., first Count IV, second Count I).

[2] Count II (p. 9) and the first Count IV (p. 11) refer only to specifically-named defendants (not including TI), with no generic references to "*et al.*" or "defendants" and thus are not addressed in this motion as they have not been raised against TI.

TI urges the Court to dismiss the Complaint against TI with prejudice and avoid any further waste of judicial resources in a futile attempt to shape the plaintiff's conclusory and convoluted allegations into cognizable legal claims.

## ARGUMENT

I. **The Complaint Fails To Allege Any Facts Which State A Claim Against TI And Fails To Satisfy the Requirements Of Rule 9(b)**

    A. **The Complaint Cannot Satisfy Even The Minimal Pleading Requirements**

        1. **A Complaint Comprised Of Conclusory And Rambling Allegations Must Be Dismissed**

It has long been the rule that dismissal under Fed. R. Civ. P. 12(b)(6) is warranted where a pleading relies on conclusory allegations and fails to state facts sufficient to show that there is a basis to the claim. *See Murphy v. United States*, 45 F.3d 520, 523 (1st Cir. 1995) (dismissing claim where complaint made "conclusory statement" about defendant's conduct but pled "no facts to illustrate what that [wrongful] conduct was."). In considering a motion to dismiss, a Court may not rely on unsupported conclusions. *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004); *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 23-24 (1st Cir. 1990) (general claims in pleadings must be supported by specific factual allegations). When no specific facts have been asserted against a particular defendant or no facts are pled that would implicate a defendant, the claims must fail. *See Ducally v. Rhode Island Dep't of Corrections*, 160 F. Supp. 2d 220, 228-29 (D.R.I. 2001) (dismissing claims where "complaint states no facts that would implicate Defendant" and "[s]pecific factual allegations against Defendant . . are completely absent from the plaintiff's complaint"). A pro se plaintiff is not exempt

from these requirements and must set forth a factual basis for its asserted claims. *See Ducally*, 160 F. Supp. at 228-29.

The Federal Rules of Civil Procedure specifically require that "all averments be clear, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint that is verbose, rambling, and nonsensical must therefore be dismissed. *See Newman v. Com. Of Mass.*, 115 F.R.D 341, 343-44 (D. Mass. 1987) (dismissing complaint that was argumentative, prolix, and verbose and unnecessarily difficult to decipher); *Martin v. Hunt*, 29 F.R.D. 14, 15-16 (D. Mass. 1961) (same). Likewise, a complaint that is "prolix, confusing, and contain[s] material which is vague, scandalous and even unnecessary" must be dismissed. *See Papas v. Baines*, 981 F.2d 1245 (1st Cir. 1992) (quoting district court opinion and affirming dismissal of *pro se* complaint).

### 2. Fraud Must Be Pled With Particularity

A count for fraud must outline: (1) specific misrepresentations; (2) the intent to deceive by defendant; (3) materiality; (4) reasonable reliance on fraud by plaintiff and (5) injury to plaintiff as a result of reliance. *See Turner v. Johnson & Johnson*, 809 F.2d 90 (1st Cir. 1986). Further, Fed. R. Civ. P. Rule 9(b) requires that in "all averments of fraud…the circumstances that constitutes fraud…will be stated with particularity." *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985); *United States ex rel. Gublo v. Novacare, Inc.*, 62 F. Supp. 2d 347, 354 (D. Mass. 1999). At a minimum, Rule 9(b) requires that the "'who, what, when, where, and how' of the alleged fraud be pled." *United States ex rel. Gublo*, 62 F. Supp. 2d at 354. Where other causes of action are directly linked to the fraud allegations, Rule 9(b) must be met as to those claims as well. *Hayduk*, 775 F.2d at 443. "[M]ere allegations of fraud . . . or conspiracy. . . are too conclusional to satisfy the particularity requirement" of Rule 9(b). *Id.*

3. **Civil Conspiracy**

Civil conspiracy in Massachusetts is "a very limited cause of action" and requires that "the plaintiff must show that the defendants, acting in unison, had some particular power of coercion over the plaintiff that they would not have had if acting independently." *Carroll v. Xerox*, 294 F.3d 231, 243 (1st Cir.2002); *Kibbe v. Potter*, 196 F. Supp. 2d 48, 76 (D. Mass. 2002). Allegations of an underlying unlawful tortious act are also necessary to assert a claim for conspiracy. *See Kibbe*, 196 F. Supp. 2d at 76. Where "the conspiracy is directly linked to the fraud allegation. . . Rule 9(b) applies" to the conspiracy claim as well. *See Hayduk*, 775 at 443.

4. **Breach of Contract**

Under Massachusetts law, to prevail on a breach of contract claim, "the plaintiff must prove the existence of a valid binding agreement, the defendant's breach thereof, and damages resulting from the breach." *Mass Cash Register, Inc. v. Comtrex Sys. Corp.*, 901 F. Supp. 404, 315 (D. Mass. 1995). It is essential to state with 'substantial certainty' the facts showing the existence of the contract and the legal effect thereof. *See Doyle v. Hasbro, Inc.*, 103 F. 3d 186, 194-195 (1st Cir. 1996). Further, a complaint must identify the contract provision that was allegedly breached in order to state a valid breach of contract claim. *See Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 37 (D. Mass 2004).

5. **RICO**

A claim of RICO conspiracy under section 1962(d) requires liability under one of the first three subsections of section 1962, for if "the pleadings do not state a substantive RICO claim upon which relief may be granted, then the conspiracy claim also fails." *Efron v. Embassy Suites Inc.*, 223 F.3d 12, 21 (1st Cir. 2000); 18 U.S.C. § 1962(d). Generally, the first three subsections of section 1962 proscribe: using the proceeds from

racketeering activity for the benefit of an enterprise engaged in interstate commerce, 18 U.S.C. § 1962(a); acquiring or maintaining an interest in an enterprise through a pattern of racketeering, 18 U.S.C. § 1962(b); and being employed by or associated with an enterprise that engages in a pattern of racketeering activity, 18 U.S.C. § 1962(c). Under any of these subsections, a RICO plaintiff must allege and prove at least two predicate acts of 'racketeering activity' to establish a pattern. *See North Bridge Assocs., Inc. v. Boldt*, 274 F.3d 38, 42 (1st Cir. 2001). "In addition, the plaintiff must demonstrate that the 'predicates are related, and that they amount to or pose a threat of continued criminal activity.'" *Id.* A RICO plaintiff must establish that his injuries were directly caused by the RICO violation. *See id.* Further, the heightened pleading requirement of Rule 9(b) "extends also to the pleading of RICO mail and wire fraud allegations . . ." *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42 (1st Cir. 1991).

 B. **The Counts Against TI**

  1. **Count I (p. 8)**

Count I is a claim for Declaratory Judgment for a declaration of "noninfringement, invalidity, and unenforceability of actuality U.S. patent." However, the patent at issue in this count is not even alleged to be held by TI, but by defendant Raytheon. In fact, the only allegation directed at TI in Count I is that a "[19]94 [patent] application [submitted by the plaintiff] restates material presented by Solomon to Texas Instruments and Raytheon engineers during the period from approximately March 1990 to June 1993." (Compl. ¶ 63). Clearly, an allegation that the plaintiff filed a patent application that contains information that he allegedly presented to TI in no way states a claim against TI. *See Ducally*, 160 F. Supp. at 228-29 (dismissing claims where "complaint states no facts that would implicate Defendant").

### 2. First Count VI (p. 13)

According to the heading, first Count VI brings claims of "abuse of process, interference with present and prospective commercial relations, and scheme to obtain trade secrets." Certain allegations in this count concern a trademark application by the plaintiff for the word "HoloDeck" to which defendant University of Southern California allegedly filed an opposition in 2000. There is no allegation, however, that TI had any involvement with that opposition, and thus such allegations do not implicate TI. *See Ducally*, 160 F. Supp. at 228-29.

The only allegation in this count that specifically refers to TI states that several defendants, including "TI/PSI," "agreed to conspire to interfere with the business relations of Solomon by inducing TI/PSI to defraud Solomon by falsely claiming full support and an ongoing solution to the Discovery timing problem." (Compl. ¶ 128). Other allegations in this count which could be read to refer to TI, state that the "aforementioned Defendants," used the trademark opposition process to obtain Solomon's trade secrets (Compl. ¶ 131) and interfere with his business (Compl. ¶ 132), and that the "aforementioned Defendants engaged in said unlawful activities to defraud the U.S. government of at $50 million dollars and endanger U.S. soldiers and citizens by asserting in their request to the U.S. Government for payment of funds that their display technology was the most appropriate when in fact they knew that their technology was defective and inferior to Solomon's." (Compl. ¶ 134). These allegations fail as they are completely conclusory and do not state any facts that support the purported wrongdoing. *See, e.g, Murphy*, 45 F.3d at 523. These rambling and nonsensical allegations do not come close to identifying the alleged connection between TI and a trademark application

which other defendants allegedly opposed. *See, e.g., Newman*, 115 F.R.D. at 343-44. The suggestion that an opposition to a trademark application is part of a scheme to defraud the government is completely implausible, and the link between that alleged wrongdoing and any harm to the plaintiff is inscrutable.

These allegations also fail as they do not satisfy Rule 9(b). Where "the conspiracy is directly linked to the fraud allegation. . . Rule 9(b) applies." *See Hayduk*, 775 at 443. In fact, these allegations are almost identical to insufficient allegations that the First Circuit has previously dismissed. In *Hayduk*, the Court found that Rule 9(b) was not satisfied where the plaintiff alleged that "[e]ach of the defendants, by participation in said civil conspiracy to defraud plaintiff. . ." and "[defendants] conspired and developed a scheme . . . for the purposes of cheating plaintiff. . ." *Hayduk*, 775 at 443. Likewise, the "sketchy allegations" contained in the Complaint that the defendants "agreed to conspire" is insufficient to meet the requirement that "acting in unison, [the defendants] had some particular power of coercion over plaintiff that they would not have had if acting independently." *Kibbe*, 196 F. Supp. at 76. "[N]o connection among the defendants is drawn; no roles in the conspiracy are assigned." *Papas*, 981 F.2d 1245.

### 3.     Second Count VI (p. 13)

According to the heading, second Count VI brings claims of "fraud, conspiracy, interference with present and prospective commercial relations, and breach of contract." This count alleges that "TI's product manager, Dana Dudley, invited and induced Solomon to develop his technology using the TI DMD product" by agreeing to provide competitive development assistance and pricing." (Compl. ¶¶ 141-143). The Complaint then contains convoluted allegations that, based on this, the plaintiff allegedly entered into a contract with defendant Productivity Systems, Inc., ("PSI"). (Comp. ¶ 144). The

plaintiff next alleges that a product it received under this alleged contract with PSI was defective and that "TI and PSI willfully and intentionally delayed providing a solution, refused to release technical details which would permit Solomon to identify the problem, and made fraudulent and misleading statements regarding the reasons for the delay." (Compl. ¶¶ 146-147).

These allegations fail to plead a claim against TI. The Complaint does not set forth, in comprehensible form, any set of facts from which it could be concluded that PSI is an affiliate or agent of TI or how TI could be liable for its contracts, nor does it plead any other contract between TI and the plaintiff. The Complaint fails to plead with "'substantial certainty' the facts showing the existence" of a contract, *see Doyle*, 103 F.3d at 194-195, or identify a specific breach of a specific term therein by TI, *see Gibbs*, 336 F. Supp. 2d at 37. Further, the allegations of fraudulent inducement and misrepresentation fail to plead the requisite elements of fraud or satisfy the requirement of particularity that is required of all fraud claims. *See Hayduk*, 775 F.2d at 441.

In this count, the plaintiff also alleges that defendant Raytheon unlawfully obtained Solomon's trade secrets and "Raytheon, then teamed with TI, used said technology" in some vaguely identified proposal by Raytheon and that after the plaintiff protested a project award (to Raytheon, presumably), TI and Raytheon would not engage in further business with the plaintiff. (Compl. ¶ 140). The Complaint fails to identify any duty owed to the plaintiff by TI or any breach of that duty.

Finally, this count alleges that "Solomon was substantially damaged by TI/PSI scheme to obtain trade secrets," (Compl. ¶ 156) but contains no facts of the alleged scheme. The Complaint alleges that "Solomon's professional reputation was damaged by

TI['s] . . . false statements to representatives of MIT and other public figures," (Compl. ¶ 158), yet the complaint does not state anything else, including what the statements were, to whom they were supposedly made, and when they were made. Finally, the Complaint alleges, again, that TI and the other defendants "engaged in the aforementioned unlawful behavior in conspiracy with the other Defendants to defraud the armed services and agencies of the United States by knowingly promoting inferior products for critical defense, security and medical applications." (Compl.¶ 159).

Just as these conclusory allegations were inadequate to state a claim in Count VI, they are inadequate here, because they do not state any facts that support the purported wrongdoing. *See, e.g., Murphy*, 45 F.3d at 523. They allege no injury to plaintiff. Rambling, convoluted and illogical allegations will not suffice where an outline of operative fact is required. *See, e.g., Newman*, 115 F.R.D. at 343-44.

### 4. Second Count IV (p. 15) and Count VIX [sic] (p. 16)

According to the heading, second Count IV asserts claims of "fraud, bribery, conspiracy, scheme to obtain trade secrets, interference with present and prospective commercial relations, and commercial disparagement." Further, according to the heading Count VIX (sic) asserts a claim for a "scheme to obtain trade secrets." The only allegations directed at TI in these counts are that: several defendants including TI, "engaged in an unlawful conspiracy to interfere with the interstate commerce of Solomon by fraudulently inducing Solomon, individually, or in his executive capacity, to enter into contracts with the Defendants for goods or services using the U.S. mail and interstate wires, intentionally breaching or repudiating said contracts, and disparaging Solomon's business reputation," (Compl. ¶ 162, second Count IV); "TI…in conspiracy with other defendants…intentionally supplied [plaintiff with] a defective product and intentionally

obstructed and delayed its perfection" (Compl.¶ 169, second Count IV); and that several defendants, including TI, "engaged in an unlawful conspiracy to obtain the trade secrets of Solomon by fraudulently inducing Solomon to enter into contracts with the Defendants for goods or services using the U.S. mail and interstate wires." (Compl. ¶ 171, Count VIX [sic])[3].

Like the counts discussed previously, these counts and the allegations therein are so illogical as to be incomprehensible. They fail to show that the defendants, acting in unison, had some particular power of coercion over plaintiff that they would not have had if acting independently or plead the elements of fraud. *See Kibbe*, 196 F. Supp. at 76. Finally, the allegations fail to satisfy the particularity requirements of Rule 9(b). They must be dismissed.

### 5. The Remaining General Counts in the Complaint

The remaining counts, Count III (p. 5), the first Count V (p. 11), the second Count V (p. 12), the first Count VI (p. 13), Count VIX (p. 16), the third Count VI (p. 16), and Count VII (p. 17), only refer generically to "defendants" or "et al." without ever identifying TI. These counts should be dismissed against TI as they fail to make any allegations that relate to TI and likewise fail to state any claim against TI. *Ducally*, 160 F. Supp. at 228-29; *Mooney v. Clerk of Courts*, 831 F. Supp. 7, 10 (D.N.H. 1993) (when no specific facts have been asserted against a particular defendant, the claim cannot stand).

---

[3] The allegation in this count and third Count VI (p.16) regarding plying the plaintiff with liquor and suggesting sex in exchange for designs involving TI DMD technology never refer to TI and thus are not raised against TI. (Compl. ¶¶ 173, 188).

### 6. The Amendment

The Amendment alleges claims against TI under RICO, (Compl.¶¶ 214, 215), and for conspiracy, (Compl. ¶ 216, 217). Although not specifically cited in the Complaint, it is appears that the plaintiff is alleging RICO claims under section 1962(d) as he alleges that the defendants conspired in their RICO violations. (Compl.¶¶ 214, 215). These new claims against TI are based on the new allegations that TI offered to upgrade a "TI Discovery Board" for the plaintiff through Tyrex Group, Ltd. (one of the two newly added defendants); that the plaintiff sent his Discovery DMD System to Tyrex to be upgraded on August 14, 2004; that a DMD mirror was sent to TI for replacement on September 1, 2004; that for the next three months the plaintiff was told by Tyrex that it was still at TI; and that since December 7, 2004, Tyrex has refused to correspond with the plaintiff. (Compl. ¶¶ 208-213).

These allegations clearly fail to make out a RICO claim as they do not even begin to plead the two predicate acts of the an underlying substantive RICO claim. *See Efron*, 223 F.3d at 21. The conspiracy allegations are also insufficient and they do nothing more than recite the conclusory allegations repeatedly put forth in the counts discussed above without ever pleading the requirements of conspiracy or underlying tortious conduct. *See Carroll*, 294 F.3d at 243; *Kibbe*, 196 F. Supp. at 76. Finally, the allegations in the Amendment are not pled with the requisite particularity.

## II. Several Of The Claims In The Complaint Are Also Time-Barred

Several of plaintiff's claims fail for the additional reason that they are barred by the applicable statute of limitation. A motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim

is time-barred. *See, e.g., LaChapelle v. Berkshire Life Insur. Co.*, 142 F.3d 507, 509 (1st Cir. 1998).

In Massachusetts, a tort claim must be brought within three years of its accrual, *see* M.G.L. 260, § 2A, and a contract claim must be brought within six years of its accrual, see M.G.L. 260, § 2. Massachusetts courts have defined "accrual" to be the time when the plaintiffs knew or had sufficient notice that they were harmed, and knew or had sufficient notice of the cause of the harm. *See Tagliente v. Himmer*, 949 F.2d 1, 4 (1st Cir. 1991). However, the plaintiff brings several claims against TI based on alleged activity and harm that occurred outside of the statutory period. The complaint was filed on November 12, 2004, thus any tort or contract claims accruing prior to November 12, 2001 or November 12, 1998, respectively, are time-barred.

Specifically, Count I brings a claim grounded in tort for Declaratory Judgment for a declaration of "noninfringement, invalidity, and unenforceability of actuality U.S. patent," based on a patent and patent applications from 1994, (Compl. ¶¶ 62-64). Further, first Count VI alleges several tort claims, "abuse of process, interference with present and prospective commercial relations, and scheme to obtain trade secrets," based on an alleged opposition to a patent application that was allegedly published on May 30, 2000 and a subsequent scheme to defraud the plaintiff and interfere with his business, (Compl. ¶¶ 125, 128, 131-134). Finally, several of the allegations in second Count VI, which alleges both tort claims of fraud, conspiracy, interference with present and prospective commercial relations, and a breach of contract claim, involve alleged communications between TI and the plaintiff and a scheme to obtain trade secrets during the period of "1987 to 1994," (Compl. ¶¶ 138-140).

From the face of the Complaint, there is no reason to infer that these claims could have accrued later than the dates of the allegations upon which the claims are based. The discovery rule which tolls the statute of limitation does not apply here. *See Tagliente*, 949 F.2d at 4. There is no allegation in the Complaint that the plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the allegations at the time they allegedly occurred. Further, should the plaintiff assert that it lacked knowledge of the basis of his allegations at a time later than when he alleges they occurred, it will be the plaintiff's burden to show such lack of knowledge to toll the running of the statute. *See id.*

Thus, to the extent that the allegations in Count I, first Count VI, and second Count VI could somehow be construed to state claims against TI, these claims are time-barred by the statute of limitations. They should be dismissed.

### III. All Claims Against TI Should Be Dismissed With Prejudice

As discussed above, the plaintiff has already moved to amend the Complaint. However, even taking the new allegations in the Amendment into consideration, the plaintiff's claims are utterly lacking in any basis and fail to state any claim against TI. "Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Judge v. City of Lowell*, 160 F.3d 67, 79 (1st Cir. 1998). As any additional amendment of the Complaint would be futile, TI urges the court to dismiss the Complaint with prejudice and prevent the plaintiff from "replead[ing] in hopes that he can resuscitate a case that, by all appearances, is terminal." *See Aulson v. Blanchard*, 83 F.3d 1, 7 (1st Cir. 1996).

## CONCLUSION

For the reasons set out in this memorandum, the Court should dismiss the plaintiff's complaint against TI with prejudice.

    Respectfully submitted,

    TEXAS INSTRUMENTS, INC.

    By its attorneys,

    HOLLAND & KNIGHT LLP


    /s/ Edward J. Naughton
    Edward J. Naughton (BBO No. 600059)
    Kristin J. Moody (BBO No. 661792)
    10 St. James Avenue
    Boston, MA 02116
    (617) 523-2700

Dated: March 21, 2005