UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS J. SOLOMON,

        Plaintiff,

v.

CHARLES VEST, *et al.*,

        Defendants.

Civil Action No. 04-12499WGY

**DEFENDANT TEXAS INSTRUMENTS, INC.'S OPPOSITION
TO PLAINTIFF'S REQUEST FOR CORRECTION OF THE ORDER
OF MARCH 28, 2005 DISMISSING THE PRESENT CASE**

TEXAS INSTRUMENTS, INC.

By its attorneys,

Edward J. Naughton (BBO #600059)
Kristin J. Moody (BBO #661792)
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated:  May 2, 2005

Defendant Texas Instruments, Inc. (TI) submits this Opposition to Plaintiff's Request for Correction of the Order of March 28, 2005 Dismissing the Present Case (the "Motion"). TI has no information about Mr. Solomon's alleged communications with the Court, but there is no sound reason to re-open this case. As set forth in the Motion of the Defendant Texas Instrument, Inc. to Dismiss the Plaintiff's Complaint and the Memorandum in Support of the Motion of the Defendant Texas Instrument, Inc. to Dismiss the Plaintiff's Complaint, filed on March 21, 2005 ("TI's Motion to Dismiss"), Mr. Solomon's complaint is completely frivolous, at times incomprehensible, and it fails to state any viable claim against TI. Consequently, allowing the Motion and re-opening this case would be an exercise in futility.

## ARGUMENT

Reconsideration of a court's previous order "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003) quoting *In Re Health Management Systems, Inc. Secs. Litig.*, 113 F.Supp. 613, 614 (S.D.N.Y. 2000). Here, Mr. Solomon's Motion is based entirely upon his unsworn allegations about his supposed communications with the Court. Even if the Court were inclined to believe Mr. Solomon's accusations, re-opening this case would be pointless.

As detailed in TI's Motion to Dismiss, which TI incorporates by reference, the allegations against TI in the Complaint: (1) fail to state any cognizable claim against TI as they are conclusory, disconnected, and often incomprehensible; (2) fail to plead fraud with the requisite particularity under Rule 9(b); and (3) are time-barred by the applicable statutes of limitation.

Mr. Solomon's claims are utterly lacking in any rational basis and fail to state any claim against TI. TI urges the Court to deny the Motion, to avoid any further waste of the Court's and the parties' resources. This case is clearly terminal, and it should not be needlessly prolonged.

## CONCLUSION

For the foregoing reasons, TI respectfully requests that the Court deny Plaintiff's Request for Correction of the Order of March 28, 2005 Dismissing the Present Case.

Respectfully submitted,

TEXAS INSTRUMENTS, INC.

By its attorneys,

HOLLAND & KNIGHT LLP


/s/ Edward J. Naughton
Edward J. Naughton (BBO #600059)
Kristin J. Moody (BBO #661792)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated:  May 2, 2005

# 2814993_v1

2