UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS J. SOLOMON,<br><br>                           Plaintiff,<br><br>    v.<br><br>CHARLES VEST,<br>*et al.*,<br><br>                           Defendants. | Civil Action<br>No. 04-12499WGY |

**MOTION TO AMEND OPPOSITION OF DEFENDANT
MASSACHUSETTS INSTITUTE OF TECHNOLOGY
TO PLAINTIFF'S REQUEST FOR CORRECTION OF THE ORDER OF
MARCH 28, 2005 DISMISSING THE PRESENT CASE**

The defendant Massachusetts Institute of Technology (MIT) moves to amend the Opposition of Defendant Massachusetts Institute of Technology to Plaintiff's Request for Correction of the Order of March 28, 2005 Dismissing the Present Case filed yesterday, to revise the first sentence of the first paragraph on page 2 of the Opposition to read as follows: "The plaintiff filed no opposition to MIT's motion, and failed to appear at the hearing on March 23, 2005," to reflect the fact, expressly stated on pages 4-5 of the Opposition, that the plaintiff

did file an opposition to the Motion to Dismiss filed by the University of Southern California. An Amended Opposition is attached to this Motion.

By its attorneys,

/s/ Jeffrey Swope
Jeffrey Swope (BBO No. 490760)
jswope@palmerdodge.com
Kara A. Krolikowski (BBO No. 658160)
kkrolikowski@palmerdodge.com
PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 239-0100

May 3, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of this document to be served upon the plaintiff by overnight mail and by the other parties by electronic mail on May 3, 2005.

    /s/ Kara A. Krolikowski
Kara A. Krolikowski (BBO No. 658160)
kkrolikowski@palmerdodge.com
PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 239-0100

**By Overnight Mail**

Plaintiff
Dennis J. Solomon
PO Box 289
Yarmouth Port, MA 02675

**By Electronic Mail**

Attorneys for defendant University of Southern California
Andrew C. Oatway
Amanda P. O'Reilly
Morisi & Oatway, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA  02184
aco@morisi.com
apo@morisi.com

Attorneys for defendant University of Southern California
Joel A. Feuer
Sarah R. Wetzstein
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026
swetzstein@gibsondunn.com
jfeuer@gibsondunn.com

Attorneys for defendant Texas Instruments, Inc.
Edward J. Naughton
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
edward.naughton@hklaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS J. SOLOMON,

                Plaintiff,

v.

CHARLES VEST,
*et al.*,

                Defendants.

Civil Action
No. 04-12499WGY

**AMENDED OPPOSITION OF DEFENDANT
MASSACHUSETTS INSTITUTE OF TECHNOLOGY
TO PLAINTIFF'S REQUEST FOR CORRECTION OF THE ORDER OF
MARCH 28, 2005 DISMISSING THE PRESENT CASE**

The defendant Massachusetts Institute of Technology (MIT) opposes the "Plaintiff's Request for Correction of the Order of March 28, 2005 Dismissing the Present Case" filed on April 19, 2005, on the ground that it fails to state reasons sufficient to warrant reopening this matter.

**Prior Proceedings**

By notice dated February 18, 2005, the Court scheduled a hearing for March 23, 2005, on the Motion to Dismiss that had been filed by MIT (Docket Entry No. 2), and required the plaintiff to file his opposition, if any, to the MIT motion by March 1, 2005 (Docket Entry No. 7). When the University of Southern California (USC) filed a Motion to Dismiss (Docket Entry No. 15), the Court on March 9, 2005, scheduled a hearing on USC's motion for the same day as the hearing on MIT's motion, March 23, 2005, and required the plaintiff to file his opposition, if any, to the USC motion by March 22, 2005 (Docket Entry No. 18).

The plaintiff filed no opposition to MIT's motion, and failed to appear at the hearing on March 23, 2005.  Counsel for MIT and for USC (who had flown to Massachusetts from California to attend the hearing) were in attendance, and remained in the courtroom for the entire call of the list.  At the conclusion of the session, the Court noted the failure of the plaintiff to appear, ruled on the Motions to Dismiss filed by MIT and USC, granted them both, and nonsuited the plaintiff as to all of the defendants for failure to prosecute.

On March 28, 2005, the Court entered an Order of Dismissal in this action that dismissed the case against all defendants (Docket Entry No. 29).

The plaintiff's April 19, 2005, Request for Correction asserts that, "due to clerical errors in communication between the Plaintiff and the Clerk of this Court," the plaintiff understood that the hearing scheduled for March 23, 2005, had been "cancelled" (at pp. 1-2).  The basis for this alleged understanding was the plaintiff's misreading of an Order of the Court dated February 25, 2005, and entered on February 28, 2005, that allowed MIT's Motion Pursuant to Fed. R. Civ. P. 5(c) to relieve MIT from the obligation to serve the voluminous list of defendants in this action, many of whom had apparently not been served.  MIT had filed, and had served on the plaintiff, that Motion (Docket Entry No. 6) at the same time that it filed its separate Motion to Dismiss (Docket Entry No. 2).

Without even attempting to offer any explanation for his error, the plaintiff simply asserts in his April 19, 2005, Request for Correction (at p. 1) that he read the Court's Order on that ministerial matter as if it allowed MIT's Motion to Dismiss.  On March 10, 2005, the plaintiff had filed a document entitled

Plaintiff's First Request for Correction of the Order of February 28, 2005 Dismissing MIT (Docket Entry No. 21), which was apparently based upon the same unexplained, and inexplicable, misreading of the Court's action on MIT's Rule 5(c) Motion. In his March 10, 2005 First Request for Correction, the plaintiff had requested (at p. 4) the Court "to vacate its dismissal of MIT and reschedule the date for the submission of reply briefs [*sic*] and said hearing to a time after April 16, 2005." Nothing in the plaintiff's March 10, 2005, First Request for Correction gave any reason for his selection of that date, or indicated that the plaintiff would not be available to attend the hearing the Court had set on March 23, 2005, for the MIT and USC Motions to Dismiss.

The plaintiff's April 19, 2005, Request for Correction, which is not sworn, asserts (at p. 1) that the reason for his request for a hearing after April 16, 2005, was because of "a long-planned family trip." That Request further asserts (at p. 2) that an unnamed Clerk of the Court advised him, on a date that is not specified, that she would leave the plaintiff a message "if . . . [his] interpretation was incorrect" that the "Order of 2/25/05 dismissed MIT, [and] cancelled the scheduled hearing . . . ."

### Argument

While the plaintiff appears pro se in this matter, that status does not give him permission to ignore the rules and orders of this Court. *See, e.g., Ruiz Rivera* v. *Riley*, 209 F.3d 24, 28 n.2 (1st Cir. 2000) ("[w]e have held consistently that pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules"); *Eagle Eye Fishing Corp.* v. *United States Department of*

*Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (noting that pro se litigants must comply with relevant rules).

The plaintiff does not contend that he failed to receive the two notices the Court issued that there would be a hearing on March 23, 2005, the first notice regarding the MIT Motion to Dismiss, and the second regarding the USC Motion to Dismiss.  Nor does the plaintiff contend that he was notified by official court communication that the hearing on that date had been changed.  Instead, the plaintiff merely asserts that, due to an incomprehensible misreading of the Court's Order on the ministerial Rule 5(c) Motion by MIT, he took it upon himself to conclude that the hearing had been "cancelled."  He further asserts that someone in the courthouse told him that he would be advised if his understanding in that regard was incorrect.

MIT obviously has no information about what anyone in authority in the courthouse may or may not have told the plaintiff.  But the two notices of hearing remained in effect, and no order was issued changing the date of the hearing on MIT's Motion to Dismiss.  MIT incurred significant legal fees by having counsel attend and wait until the end of the session for its Motion to be allowed.

The plaintiff also fails to explain why, even if he believed the hearing on MIT's Motion to Dismiss had been cancelled because the Court's earlier ruling on MIT's Rule 5(c) Motion also dismissed MIT from the case, he had any basis to conclude that the separately-noticed hearing on USC's Motion to Dismiss for March 23, 2005, would not go forward.  On March 21, 2005, the plaintiff had sent by email his opposition to the USC Motion (Docket No. 28).  That date was one

day before the deadline set in the Court's notice of March 9, 2005, that established March 23, 2005, as the date for hearing the USC Motion. So the plaintiff clearly demonstrated, by his actions with regard to the USC Motion, that he was aware that the notice setting dates for consideration of that matter had not been "cancelled."

Finally, it was not only in failing to appear at the March 23, 2005, hearing on MIT's Motion to Dismiss that the plaintiff failed to take action to oppose MIT's Motion. The Court's original February 18, 2005, notice that established the schedule for determining MIT's Motion required the plaintiff to file his opposition to that Motion no later than March 1, 2005. He filed nothing by that date, or thereafter, that addressed the substance of MIT's Motion. The plaintiff, who resides on Cape Cod, receives his notices of court action in this case by postal mail, not electronically. He therefore cannot contend that he relied on his alleged misunderstanding of the Court's action on MIT's Rule 5(c) Motion, which was not entered, according to the Docket, until February 28, 2005, and therefore not mailed to him from Boston any earlier than that day, as the basis on which he decided not to file a timely opposition to MIT's Motion by the due date the next day.

This Court should not reverse its Order of March 28, 2005, that dismissed the case based on the plaintiff's insufficient (and unsworn) allegations. As a litigant, even pro se, the plaintiff is responsible for knowing the dates of court appearances and for acting in accordance with court orders unless and until they are officially changed. The plaintiff's failure to appear for the hearing should not

- 5 -

be excused where it was due to his own neglect. *See Aghassi* v. *Holden & Co., Inc.*, 92 F.R.D. 98, 100 (D.Mass. 1981) (affirming dismissal where plaintiff did not appear for trial due to his own neglect).

## Conclusion

For the foregoing reasons, "Plaintiff's Request for Correction of the Order of March 28, 2005 Dismissing the Present Case" should be denied.

By its attorneys,

 /s/ Jeffrey Swope
Jeffrey Swope (BBO No. 490760)
Kara A. Krolikowski (BBO No. 658160)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 239-0100

May 3, 2005

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true copy of this document to be served upon the plaintiff by overnight mail and by the other parties by electronic mail on May 3, 2005.

                                        /s/ Kara A. Krolikowski
                                        Kara A. Krolikowski
                                        Palmer & Dodge LLP

**By Overnight Mail**

Plaintiff
Dennis J. Solomon
PO Box 289
Yarmouth Port, MA 02675

**By Electronic Mail**

Attorneys for defendant University of Southern California
Andrew C. Oatway
Amanda P. O'Reilly
Morisi & Oatway, P.C.
1400 Hancock Street, 3rd Floor
Quincy, MA 02184
aco@morisi.com
apo@morisi.com

Attorneys for defendant University of Southern California
Joel A. Feuer
Sarah R. Wetzstein
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026
swetzstein@gibsondunn.com
jfeuer@gibsondunn.com

Attorneys for defendant Texas Instruments, Inc.
Edward J. Naughton
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
edward.naughton@hklaw.com